PHILLIPS *v.* LUMBER CO. AND ACCEPTANCE CORP. *v.* LUMBER CO.

the assets of said Bank and Trust Company, which are now in the possession of the defendant as Commissioner of Banks for liquidation.

On the facts found without objection by the court, it was ordered and adjudged that plaintiffs recover of the defendant the sum of $4,072.66, with interest from 19 November, 1930, and the costs of the action; and that said sum is a preferred claim upon the assets of the Central Bank and Trust Company of Asheville, N. C., and shall be paid as such by the defendant in the liquidation by him of said assets.

From this judgment, the defendant appealed to the Supreme Court.

*T. A. Uzzell, Jr., and William J. Cocke, Jr., for plaintiffs.*
*Johnson, Smathers & Rollins for defendant.*

PER CURIAM. The facts found by the court without objection in this action are substantially the same as in *Flack v. Hood, Comr.,* 204 N. C., 337, 168 S. E., 520. The judgment is affirmed on the authority of the decision in that case.

If the effect of the decision in *Flack v. Hood, Comr.,* is to give priority upon the assets of a banking corporation organized under the laws of this State, upon its insolvency, to claims arising out of transactions with its trust department, which is maintained under provisions of its charter, authorized by statute (N. C. Code of 1931, section 217(a), and the result is deemed unjust to depositors in its commercial or savings department, the remedy must be had by legislation. So long as a banking corporation organized under the laws of this State, maintains, as authorized by its charter, a commercial, a savings and a trust department, and does business in each department, the decision in *Flack v. Hood, Comr.,* must remain the law of this State. That decision is in accord with the authorities, and with well settled principles of equity, as administered by courts exercising under constitutional provisions, equitable jurisdiction.

Affirmed.

---

J. B. PHILLIPS v. BALMO LUMBER COMPANY ET AL., AND MANUFAC-
TURERS ACCEPTANCE CORPORATION, v. BALMO LUMBER COM-
PANY ET AL., AND J. A. COOK ET AL., INTERVENERS.

(Filed 20 September, 1933.)

APPEAL by defendants, Balmo Lumber Company and Manufacturers Acceptance Corporation, from *Alley, J.,* at Chambers in Asheville, 15 February, 1933. From CHEROKEE.

27—205

BANK v. MANEY.

Civil action to recover for handling lumber and to declare void certain transfers alleged to have been made in fraud of plaintiff's rights as a creditor.

As the matter involved an accounting, the case was referred under the statute which resulted in a report and judgment for the plaintiff. It is agreed "there was sufficient competent evidence to support the findings of fact of the referees, . . . which findings of fact were reviewed and affirmed by the judge of the Superior Court."

From the judgment entered in favor of plaintiff and interveners, the defendants, Balmo Lumber Company and Manufacturers Acceptance Corporation, appeal.

*J. B. Gray for Phillips, plaintiff, and Bristol, sheriff, appellees.*

*L. B. Prince for Balmo Lumber Company and Manufacturers Acceptance Corporation.*

*R. L. Phillips for Cook, interveners.*

PER CURIAM. The case is settled by the findings of fact, which, it is agreed, are supported by sufficient competent evidence. *Corbett v. R. R., ante,* 85.

Affirmed.

---

THE FEDERAL LAND BANK OF COLUMBIA v. L. D. MANEY AND WIFE, M. N. MANEY ET AL.

(Filed 20 September, 1933.)

**Appeal and Error J d——**

    Where the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

APPEAL by plaintiff from *Alley, J.,* at February Term, 1933, of BUNCOMBE.

Civil action for debt and to foreclose mortgage.

From a verdict and judgment for defendants, the plaintiff appeals, assigning errors.

*Charles E. Jones and Arthur W. Holler, Jr., for plaintiff.*
*J. E. Swain for defendants.*

PER CURIAM. The Court being evenly divided in opinion, *Brogden, J.,* not sitting, the judgment stands affirmed without becoming a precedent